United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41237
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JAMEEL CASEY

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:05-CR-254
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Without the benefit of a plea agreement, Jameel Casey pleaded guilty to one count of conspiracy to commit fraud and related activity in connection with computers. Casey was sentenced to 27 months of imprisonment and to a three-year term of supervised release. Casey challenges the district court's loss determination. Specifically, he contends that the loss determination should have been based on the "actual" loss to the lending institutions instead of the "intended" loss.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The amount of loss is a factual finding reviewed for clear error; the method by which losses are determined is reviewed de novo.  United States v. Deavours, 219 F.3d 400, 402 (5th Cir. 2000).  Due to his fraudulent actions, Casey helped customers obtain loans that they would not otherwise have qualified.  Casey had no control over repaying the loans if the customers defaulted.  Consequently, due to his fraudulent actions, Casey put the lending institutions at risk for the full line of credit extended to the consumers.  Thus, the district court did not err in assessing Casey's offense level based on the intended loss, rather than the actual loss, figure of the full line of credit extended by the lending institutions to the consumers.  See United States v. Morrow, 177 F.3d 272, 301 (5th Cir. 1999); United States v. Tedder, 81 F.3d 549, 551 (5th Cir. 1996).  Thus, the judgment of the district court is AFFIRMED.